The Attorney General has asked the Court for an advisory opinion as to whether the financial impact statement prepared by the Financial Impact Estimating Conference on the constitutional amendment, proposed by initiative petition, entitled “Authorizes Miami-Dade and Broward County Voters to Approve Slot Machines in Parimutuel Facilities,” is in accordance with section 100.371, Florida Statutes. The financial impact statement provides as follows:
This amendment alone has no fiscal impact on the state or local governments. However, if the voters in Miami-Dade County, Broward County, or both counties authorize slot machines at parimutuel facilities, expenditures by the state and local governments related to problem gambling may increase by an unknown amount. If the Legislature also chooses to tax slot machine revenues, the estimated state tax revenues from both counties would range from $200 million to $500 million annually.
Article XI, section 5, Florida Constitution, addresses financial impact statements and provides as follows in relevant part:
(b) The legislature shall provide by general law, prior to the holding of an election pursuant to this section, for the provision of a statement to the public regarding the probable financial impact *690 of any amendment proposed by initiative pursuant to section 3.
(Emphasis added.) Pursuant to article XI, section 5(b), the Legislature amended section 100.371(6)(a), Florida Statutes, to provide as follows in relevant part:
[T]he Financial Impact Estimating Conference shall complete an analysis and financial impact statement to be placed on the ballot of the estimated increase or decrease in any revenues or costs to state or local governments resulting from the proposed initiative.
Ch.2004-33, § 3, Laws of Fla. (emphasis added). Further, the Legislature amended section 100.371(6)(b), Florida Statutes, to provide as follows in relevant part:
3. Principals of the Financial Impact Estimating Conference shall reach a consensus or majority concurrence on a clear and unambiguous financial impact statement, no more than 75 words in length, and immediately submit the statement to the Attorney General. Nothing in this subsection prohibits the Financial Impact Estimating Conference from setting forth a range of potential impacts in the financial impact statement. Any financial impact statement that a court finds not to be in accordance with this section shall be remanded solely to the Financial Impact Estimating Conference for redrafting. The Financial Impact Estimating Conference shall redraft the financial impact statement within 15 days.
Ch.2004-33, § 3, Laws of Fla. (emphasis added). Reading section 100.371(6)(b)(3) in conjunction with section 100.371(6)(a), as well as with article XI, section 5(b), Florida Constitution, the phrase “range of potential impacts” in section 100.371(6)(b)(3) must relate to the phrase “probable financial impact” set forth in the constitution.
The Court finds that the second sentence in the financial impact statement does not comply with section 100.371(6), Florida Statutes, as amended by chapter 2004-33, section 3, Laws of Florida, and the Court remands the statement to the Financial Impact Estimating Conference for redrafting pursuant to section 100.371(6)(d)(l).
No motion for rehearing will be allowed.
PARIENTE, C.J., and ANSTEAD and LEWIS, JJ., concur.
CANTERO, J., concurs in result only.
WELLS, J., dissents with an opinion.
QUINCE and BELL, JJ., dissent.